TORY M. PANKOPF, ESQ., SBN 7477
**TORY M. PANKOPF, LTD**
748 South Meadows Parkway, Suite 244
Reno, Nevada 89521
Office: (775) 413-4242
tory@pankopfuslaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TORY M. PANKOPF, LTD., a Nevada Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> CORINNE HUTTLINGER, an individual, , <br><br> Defendants. | CASE NO: <br><br> DEPT: |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW Plaintiffs, TORY M. PANKOPF LTD., a Nevada Corporation ("Firm" or "Plaintiff"), by and through its attorney, Tory M. Pankopf of the Law Offices of Tory M. Pankopf alleges and complains against Defendant, CORINNE HUTTLINGER, an individual, ("Defendant" or "Huttlinger") as follows ("Complaint"):

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this action arises under federal law, specifically the interpretation and application of Federal Rule of Bankruptcy Procedure 9027 and federal bankruptcy jurisdiction under 28 U.S.C. §§ 1334 and 157.

2. This Court has jurisdiction to issue declaratory relief under 28 U.S.C. § 2201.

Law Offices of
**Tory M. Pankopf, Ltd.**
748 S Meadows Pkwy
Suite 244
Reno, Nevada 89521
(775) 413-4242

- 1 -

Complaint for Declaratory Relief

3. Venue is proper under 28 U.S.C. § 1391(b) as all events giving rise to this action occurred in this District.

**PARTIES**

4. Plaintiff is a Nevada professional corporation with its principal place of business in Washoe County, Nevada.

5. Defendant is an individual residing in California who has submitted to Nevada jurisdiction.

**FACTUAL BACKGROUND**

**The Underlying State Court Action**

6. On April 9, 2024, Plaintiff filed a complaint in the Second Judicial District Court of Nevada, Case No. CV24-00766, seeking payment for legal services rendered to Defendant ("State Court Action").

7. The legal services at issue were provided between 2016 and 2021, after Defendant's Chapter 11 bankruptcy case was closed.

8. Defendant was served with the complaint on April 17, 2024.

**Defendant's Bankruptcy History**

9. On November 23, 2013, Defendant filed a Chapter 11 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of California, Case No. 13-34976.

10. Defendant's bankruptcy plan was confirmed on November 10, 2015.

11. The bankruptcy court entered a final decree and closed the case on April 25, 2016 - over nine years ago. Attached hereto as Exhibit "2" is a true and correct copy of the final decree.

12. When Defendant retained Plaintiff in 2013, she was facing catastrophic financial losses from the 2008 economic crisis, including:

    a. Active foreclosure proceedings on two properties in Lake Tahoe, California

    b. Active foreclosure proceedings on her primary residence in Pleasanton, California

    c. Total secured debt of approximately $985,000

    d. Unsecured debt of approximately $498,000

13. Through Plaintiff's bankruptcy representation, Plaintiff:

Law Offices of
**Tory M. Pankopf, Ltd.**
748 S Meadows Pkwy
Suite 244
Reno, Nevada 89521
(775) 413-4242

- 2 -
Complaint for Declaratory Relief

        a. Stopped all three foreclosure proceedings

        b. Retained all three properties

        c. Restructured her mortgages with favorable terms

        d. Discharged over $750,000 in debt

        e. Made it possible for Defendant to subsequently sell both Lake Tahoe properties at a profit

14. Plaintiff achieved these extraordinary results while charging only the flat fee of $37,000, despite providing services valued at over $81,000, as documented in Plaintiff's fee application filed with the bankruptcy court.

15. Despite the actual value of services rendered, Plaintiff graciously honored the flat fee agreement and only sought the agreed-upon $37,000, effectively providing over $44,000 in services without compensation.

16. This voluntary reduction demonstrates Plaintiff's good faith in honoring the fee agreement and undermines any suggestion of overreaching or improper billing practices.

17. During the bankruptcy, Plaintiff received the following payments, all authorized by bankruptcy court orders:

        a. $14,638.34 pre-petition retainer plus $1,213.00 in costs

        b. $15,361.66 on November 20, 2015, pursuant to the bankruptcy court's November 17, 2015 Order. Attached hereto as Exhibit "3" is a true and correct copy of the order.

        c. $15,238.28 on May 5, 2016, representing the final $7,000 bankruptcy fee, reimbursement of costs, and additional legal services for violation of the automatic stay by tenants of Defendant.

18. The post-bankruptcy invoices reveal that while some services involved enforcing the confirmed plan against non-compliant creditors, all services were provided after case closure and billed at hourly rates.

19. Defendant's voluntary payment of $18,500 on April 30, 2021 - five years after bankruptcy closure and three years before filing this lawsuit - demonstrates her understanding that these were valid post-petition obligations not subject to discharge.

Law Offices of
**Tory M. Pankopf, Ltd.**
748 S Meadows Pkwy
Suite 244
Reno, Nevada 89521
(775) 413-4242

- 3 -

Complaint for Declaratory Relief

20. Defendant never disputed the validity of these charges during the five years she was making payments, only claiming bankruptcy protection after being sued for the unpaid balance.

21. All payments for bankruptcy services were court-approved and complied with 11 U.S.C. § 330 and Federal Rule of Bankruptcy Procedure 2016.

22. Defendant waited until January 30, 2023, to request her discharge which she received.

23. In individual/personal Chapter 11 cases, it is standard practice for attorneys to represent the debtor pre-petition in preparing the bankruptcy filing, then continue representing that same individual as the debtor in possession post-petition.

24. This continuity of representation in individual Chapter 11 cases is routine and does not create a disqualifying conflict of interest, as the same person continues throughout the case with additional fiduciary duties as debtor in possession.

25. Plaintiff's representation of Defendant individually and as debtor in possession was properly disclosed to and approved by the bankruptcy court in its April 29, 2014 Order granting Plaintiff's employment application.

26. No actual conflict of interest existed or arose during the bankruptcy representation, and Defendant never raised any conflict concerns during the eight years of representation from 2013 to 2021.

**The Attorney-Client Agreements**

27. On September 16, 2013, before filing bankruptcy, Defendant executed an engagement letter with Plaintiff for legal services. A true and correct copy of the engagement letter is attached hereto as Exhibit "1".

28. Paragraph 14 of the engagement letter provides: "In the event that you ask us to represent you in other matters, the terms set out in this letter will govern those representations as well (except that each new engagement will be undertaken at our then-prevailing hourly rates...)."

29. After the bankruptcy case closed, Defendant repeatedly requested Plaintiff's legal services between 2016 and 2021.

Law Offices of
**Tory M. Pankopf, Ltd.**
748 S Meadows Pkwy
Suite 244
Reno, Nevada 89521
(775) 413-4242

- 4 -
Complaint for Declaratory Relief

30. The post-bankruptcy invoices reveal that while some services involved enforcing the confirmed plan against non-compliant creditors, all services were provided after case closure and billed at hourly rates.

31. All other payments received by Plaintiff from Defendant were:

a. Made after the bankruptcy case was closed on April 25, 2016

b. For non-bankruptcy legal services

c. Pursuant to new post-petition agreements

d. Not subject to bankruptcy court oversight

Specifically, Defendant made the following post-bankruptcy payments:

a. July 29, 2016: $2,000

b. December 2, 2016: $4,000

c. April 30, 2021: $18,500

32. Each request and acceptance created a new attorney-client agreement incorporating the engagement letter's terms, including hourly billing rates.

33. Each time Defendant requested legal services after her bankruptcy case closed, and Plaintiff agreed to provide such services, a new attorney-client agreement was formed incorporating the engagement letter's hourly rate terms pursuant to Paragraph 14.

34. These new agreements created separate, post-petition and post-final decree/closing contractual obligations independent of any pre-petition debts.

35. These post-bankruptcy services and resulting fees are the subject of the State Court Action.

### Defendant's Litigation Conduct

36. Under Federal Rule of Bankruptcy Procedure 9027(a)(3), if Defendant believed the State Court Action was related to her bankruptcy, she had 30 days from service to file a notice of removal to bankruptcy court.

37. The removal deadline expired on May 17, 2024. Defendant did not file a notice of removal.

Law Offices of
**Tory M. Pankopf, Ltd.**
748 S Meadows Pkwy
Suite 244
Reno, Nevada 89521
(775) 413-4242

- 5 -
Complaint for Declaratory Relief

38. Instead, on May 23, 2024, Defendant filed an Answer and Cross-Complaint in state court, affirmatively invoking that court's jurisdiction to adjudicate her claims against Plaintiff.

39. On August 7, 2024, Defendant filed a Motion for Judgment on the Pleadings in state court, seeking affirmative relief without raising any jurisdictional concerns.

40. Defendant actively litigated in state court for over eight months without asserting bankruptcy jurisdiction.

**The Improper Stay**

41. In January 2025 - eight months after the removal deadline expired - Defendant filed a Motion to Stay Proceedings claiming bankruptcy court jurisdiction.

42. On May 30, 2025, the state court entered an order staying all proceedings "pending any order or notice relating to the appropriate United States Bankruptcy Court or United States District Court." Attached hereto as Exhibit "4" is a true and correct copy of the stay order.

43. The state court's order explicitly contemplates federal court intervention, demonstrating that federal guidance is both appropriate and requested.

44. The stay serves no legitimate purpose other than to circumvent the mandatory removal deadline Defendant missed.

45. Defendant apparently intends to reopen her nine-year-old bankruptcy case and attempt to invoke bankruptcy jurisdiction she waived.

46. Almost six months after the stay order was entered, Defendant has not yet reopened the bankruptcy. This is evidence the stay was sought for the improper purpose of delaying the litigation and was not made in good faith.

47. In fact, on October 3, 2025, almost six months after the stay order was entered, Plaintiff received a letter from Defendant's counsel stating "it [his] intent to reopen Ms. Huttlinger's Chapter 11 bankruptcy and file a motion for disgorgement of all of your fees." Attached hereto as Exhibit "5" is a true and correct copy of the letter.

**ACTUAL CONTROVERSY**

48. An actual controversy exists regarding: a. Whether Defendant waived bankruptcy court jurisdiction by failing to timely remove; b. Whether Defendant's litigation conduct

Law Offices of
**Tory M. Pankopf, Ltd.**
748 S Meadows Pkwy
Suite 244
Reno, Nevada 89521
(775) 413-4242

- 6 -

Complaint for Declaratory Relief

constitutes waiver of jurisdictional objections; c. Whether reopening a closed bankruptcy can cure expired removal rights; d. Whether the state court has proper jurisdiction to adjudicate the fee dispute; e. Whether post-petition attorney fee obligations are subject to bankruptcy discharge.

49. This controversy is ripe as the state court has stayed proceedings awaiting federal court guidance.

## CLAIMS FOR DECLARATORY RELIEF

### (Claim 1 - Waiver of Bankruptcy Jurisdiction)

50. Plaintiff incorporates paragraphs 1-49.

51. Federal Rule of Bankruptcy Procedure 9027 establishes mandatory deadlines for removing state court actions to bankruptcy court.

52. The 30-day removal deadline is jurisdictional and cannot be extended or waived by the courts.

53. Defendant's failure to remove by May 17, 2024, permanently waived any right to bankruptcy court jurisdiction.

54. Additionally, Defendant waived any jurisdictional objection by: a. Filing an Answer accepting state court jurisdiction; b. Filing a Cross-Complaint invoking state court jurisdiction; c. Actively litigating for eight months without objection; d. Seeking affirmative relief through her Motion for Judgment on the Pleadings.

55. Plaintiff is entitled to a declaration that Defendant has waived bankruptcy court jurisdiction through her failure to timely remove and her litigation conduct.

### (Claim 2 - Reopening Cannot Cure Removal Defects)

56. Plaintiff incorporates paragraphs 1-55.

57. Reopening a bankruptcy case under 11 U.S.C. § 350(b) is limited to administering assets, according relief to the debtor, or other cause related to bankruptcy administration.

58. Reopening cannot resurrect expired removal rights or divest state courts of properly-acquired jurisdiction.

59. The removal deadline is statutory and cannot be circumvented through procedural maneuvering.

Law Offices of
**Tory M. Pankopf, Ltd.**
748 S Meadows Pkwy
Suite 244
Reno, Nevada 89521
(775) 413-4242

- 7 -

Complaint for Declaratory Relief

60. Plaintiff is entitled to a declaration that reopening Defendant's bankruptcy cannot cure her failure to timely remove or restore expired removal rights.

### (Claim 3 - State Court Jurisdiction Proper)

61. Plaintiff incorporates paragraphs 1-60.

62. District courts have "original but not exclusive jurisdiction" over bankruptcy-related matters under 28 U.S.C. § 1334(b).

63. State courts retain concurrent jurisdiction unless matters are properly removed.

64. The State Court Action involves post-petition contracts for post-bankruptcy services creating new obligations not administered in the closed bankruptcy.

65. Plaintiff is entitled to a declaration that the state court has proper jurisdiction and the stay should be lifted.

### (Claim 4 - Post-Petition Obligations Not Dischargeable)

66. Plaintiff incorporates paragraphs 1-65.

67. The bankruptcy discharge under 11 U.S.C. § 524 covers only pre-petition debts.

68. Each post-bankruptcy service request created a new post-petition contract at hourly rates per Paragraph 14 of the engagement letter.

69. The disputed fees relate solely to post-bankruptcy services provided between 2016 and 2021, entirely separate from the bankruptcy representation for which Plaintiff had already provided substantial uncompensated value.

70. Having saved Defendant from financial ruin and preserved over $1 million in real estate assets for a fraction of the actual value of services rendered, Plaintiff now seeks only payment for entirely separate post-bankruptcy legal services provided at Defendant's request.

71. Defendant's course of conduct in paying these invoices for five years post-bankruptcy estops her from now claiming they are dischargeable pre-petition debts.

72. Post-petition obligations arising from post-petition agreements are not subject to discharge.

73. Plaintiff is entitled to a declaration that the attorney fees at issue are post-petition obligations not subject to Defendant's bankruptcy discharge.

Law Offices of
**Tory M. Pankopf, Ltd.**
748 S Meadows Pkwy
Suite 244
Reno, Nevada 89521
(775) 413-4242

- 8 -

Complaint for Declaratory Relief

**(Claim 5 – No Disqualifying Conflict of Interest)**

74. Plaintiff incorporates paragraphs 1-73.

75. The standard practice in individual Chapter 11 cases involves the same attorney representing the debtor pre-petition and as debtor in possession post-petition.

76. This practice is recognized and accepted by bankruptcy courts nationwide as it involves the same individual throughout, merely with additional duties post-petition.

77. The bankruptcy court approved Plaintiff's employment with full knowledge of the representation structure.

78. Any alleged conflict was waived by Defendant's eight-year acceptance of representation without objection.

79. Plaintiff is entitled to a declaration that no disqualifying conflict of interest existed that would void the fee agreements or preclude collection of fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court:

1. Declare that Defendant waived bankruptcy court jurisdiction by failing to timely remove the State Court Action;
2. Declare that Defendant waived any jurisdictional objection through her litigation conduct;
3. Declare that reopening Defendant's bankruptcy cannot cure expired removal rights;
4. Declare that the state court has proper jurisdiction to adjudicate the fee dispute;
5. Declare that the attorney fees at issue are post-petition obligations not subject to bankruptcy discharge;
6. Order that the state court stay be lifted or declare that it should be lifted;
7. Request for expedited hearing given the ongoing prejudice from delay;
8. Award Plaintiff its attorneys' fees and costs;
9. Grant such other relief as the Court deems just and proper.

Law Offices of
**Tory M. Pankopf, Ltd.**
748 S Meadows Pkwy
Suite 244
Reno, Nevada 89521
(775) 413-4242

- 9 -

Complaint for Declaratory Relief

1  DATED this 6th day of October 2025.

*Tory M. Pankopf Ltd*

By:  s/ TORY M. PANKOPF
TORY M. PANKOPF, ESQ.
Attorney for Plaintiff

**Law Offices of**
**Tory M. Pankopf, Ltd.**
748 S Meadows Pkwy
Suite 244
Reno, Nevada 89521
(775) 413-4242

- 10 -

Complaint for Declaratory Relief