UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TORY M. PANKOPF, LTD,

Plaintiff,

v.

CORRINE HUTTLINGER,

Defendant.

Case No. 3:25-cv-558-ART-CSD

ORDER GRANTING MOTION TO DISMISS
(ECF No. 9)

Plaintiff Tory M. Pankopf, Ltd represented Defendant Corrine Huttlinger in bankruptcy proceedings. Plaintiff alleges that after her bankruptcy case was closed, he performed additional legal services for her. Plaintiff sued Ms. Huttlinger in state court for unpaid fees relating to the post-petition work. Ms. Huttlinger, arguing that the federal bankruptcy courts had exclusive jurisdiction over the fee dispute, successfully moved the state court for a stay. Plaintiff now comes to district court seeking declaratory judgments that in essence, would declare that the state court has jurisdiction over his suit for fees. Ms. Huttlinger moved to dismiss for lack of jurisdiction. (ECF No. 9.) The Court now grants Ms. Huttlinger's motion and declines to exercise jurisdiction over this action.

## I. Background

Plaintiff represented Ms. Huttlinger in bankruptcy proceedings in the Eastern District of California bankruptcy court beginning in 2013, agreeing to a flat fee of $37,000 for the representation. Plaintiff was paid the $37,000 fee, plus costs and fees for additional legal services, through order of the bankruptcy court. (ECF No. 1 ¶ 17.) The bankruptcy court entered a final decree and closed the case on April 25, 2016. The case was reopened, closed, and then reopened, upon which Ms.

Huttlinger was discharged on January 30, 2023, and the case was closed again. (ECF No. 12-2.)

Plaintiff alleges that while the case was closed, he represented Ms. Huttlinger in post-petition work pursuant to new attorney client agreements. The post-petition work was not included in the flat fee, and was billed at hourly rates. Plaintiff claims that Ms. Huttlinger did not pay a large part of the balance owed for the post-petition work.

On April 9, 2024, Plaintiff sued Ms. Huttlinger in state court in Nevada for the balance that he claimed that she owed. On January 21, 2025, Ms. Huttlinger filed a motion to stay, arguing that the Eastern District of California bankruptcy court had exclusive jurisdiction over disputes related to Plaintiff's fees. For authority, Ms. Huttlinger referred to the automatic bankruptcy stay, 11 U.S.C. § 362(a), and the Ninth Circuit's opinion in *In re Gruntz*, 202 F.3d 1074, 1087 (9th Cir. 2000), which holds that bankruptcy courts have the ultimate authority to determine the scope of the automatic stay and that a state court that proceeds without obtaining bankruptcy court permission risks having its final judgment declared void. Plaintiff vigorously opposed the motion, filing an opposition, a supplement with additional legal authority, an opposition to a motion to strike the supplemental legal authority. (ECF No. 1-4.)

On June 2, 2025 the state court entered a written order staying the case. (*Id.*) The state court noted that Ms. Huttlinger appeared for a hearing on the motion to stay, but Plaintiff did not. Providing no reasoning and invoking no authority, the state court said that it had "considered the matters before it and good cause appearing… IT IS FURTHER ORDERED that all matters are stayed in this case pending any Order or Notice relating to the appropriate United States Bankruptcy Court or United States District Court." (*Id.*)

On October 8, 2025, four months after the state court stayed the state case, Plaintiff came to the District of Nevada to sue Ms. Huttlinger for declaratory judgment. (ECF No. 1.) He brought five claims:

(1) that Ms. Huttlinger waived bankruptcy court jurisdiction through her failure to timely remove the state case to bankruptcy court and through her litigation conduct in state court;

(2) that reopening Ms. Huttlingers' bankruptcy cannot cure her failure to timely remove or restore expired removal rights;

(3) that the state court has proper jurisdiction and the stay should be lifted;

(4) that the attorney fees at issue are post-petition obligations not subject to Ms. Huttlinger's bankruptcy discharge; and

(5) that no disqualifying conflict of interest existed that would void the fee agreements or preclude collection of fees.

Ms. Huttlinger filed a motion to dismiss for lack of jurisdiction, repeating that the bankruptcy court has exclusive jurisdiction over the fee dispute and that jurisdiction could not be waived. (ECF No. 9.)

## II. Discussion

Since the only cause of action in this case is for declaratory judgment, the Court has discretion to decline to exercise jurisdiction. The Court now declines to hear the case in light of federal interests in avoiding needless determination of state law issues, discouraging forum shopping, avoiding duplicative litigation, and other considerations. The Court does not reach the merits of Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(1).

Under the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). This provision "confer[s] on

federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," even if the declaratory claim "otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 286 (1995). In other words, a district court is "under no compulsion to exercise [its] jurisdiction" over declaratory claims. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *see also Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc)). So long as it reasonably considers the relevant factors, "a district court is authorized" as a matter of discretion to "stay or to dismiss an action seeking a declaratory judgment." *See Wilton*, 515 U.S. at 288; *Dizol*, 133 F.3d at 1223, 1225 & n.5; *Argonaut Ins. Co. v. St. Francis Med. Ctr.*, 17 F.4th 1276, 1280 (9th Cir. 2021).

In *Brillhart*, the Supreme Court directed district courts to consider "issues of comity, judicial economy and federalism" when deciding whether to exercise jurisdiction over a suit for declaratory judgment. *Dizol*, 133 F.3d at 1226 (citing *Brillhart*, 316 U.S.). In *Dizol*, the Ninth Circuit glossed *Brillhart* into nonexclusive factors, including (1) avoiding needless determination of state law issues, (2) discouraging litigants from filing declaratory actions as a means of forum shopping, and (3) avoiding duplicative litigation. *Id.* at 1225. A district court may also weigh "other considerations," such as whether the declaratory action will settle all aspects of the controversy, whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage, whether the use of a declaratory action will result in entanglement between the federal and state court systems, the convenience of the parties, and the availability and relative convenience of other remedies. *Id.* at 1225 n. 5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir.1994) (Garth, J., concurring)).

**A. Avoiding Needless Determination of State Law Issues**

"If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d. at 1225 (footnote and citations omitted). A needless determination of state law may also involve an area of law Congress expressly left to the states, or a lawsuit with no compelling federal interest. *Alps Prop. & Cas. Ins. Co. v. Levine L. Grp., Inc.*, 646 F. Supp. 3d 1304, 1309 (D. Nev. 2022) (internal citation omitted).

Plaintiff's first and second requests for declaratory relief are mixed federal and state issues. Plaintiff asks this Court to declare "that Defendant has waived bankruptcy court jurisdiction through her failure to timely remove and her litigation conduct" and "that reopening Defendant's bankruptcy cannot cure her failure to timely remove or restore expired removal rights." The full context of the complaint makes clear that Plaintiff's ultimate goal is to go back to state court. A declaration that the bankruptcy court does not have exclusive jurisdiction over the underlying case is a means to that end. Nevertheless, bankruptcy jurisdiction is a federal issue, and the parties were arguably all but instructed by the state court to come to federal district court to obtain a ruling on jurisdiction. The state court's order could be framed as a relinquishment of state interest over Plaintiff's first and second requests for declaratory judgment.

Plaintiff's third request for declaratory relief asks the Court to decide issues better left to the state system, namely to decree the boundaries of the *state* court's jurisdiction and instruct the *state* court whether or not to lift its stay. Matters of state court jurisdiction and procedure are more properly before the state court than before the federal court. It is not clear on what basis Plaintiff would assert that this Court has the authority to make declaratory judgments that bind the state court's exercise of its own power. *See Henrichs v. Valley View Dev.*, 474 F.3d

609, 613 (9th Cir. 2007) ("Absent express statutory authorization, only the Supreme Court has jurisdiction to reverse or modify a state court judgment.") *Dizol* and *Brillhart* instruct courts to consider issues of federalism when deciding whether to hear declaratory judgment suits. To "instruct" a state court on how to exercise its own power would represent a concerning inversion of the traditional division of state and federal authority.

Plaintiff's fourth and fifth requests clearly involve a needless determination of state law, as they ask for declaratory judgment on state law issues and go to the merits of his case currently pending before the state court. Where he requests that this Court decide that "the attorney fees at issue are post-petition obligations not subject to Defendant's bankruptcy discharge," and that "that no disqualifying conflict of interest existed that would void the fee agreements or preclude collection of fees," he seeks an order on mixed question of contract law that goes to the merits of the underlying state case.

**B. Discouraging Forum Shopping**

To discourage plaintiffs from forum shopping, federal courts should "generally decline to entertain reactive declaratory actions." *Dizol*, 133 F.3d at 1225. Forum shopping typically occurs when a party files a federal declaratory judgment suit "to see if it might fare better in federal court at the same time the [federal court plaintiff] is engaged in a state court action," aiming to use the doctrine of res judicata to its advantage. *Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). Courts look to the "sequence of events" leading to a federal action to determine if a party has engaged in forum shopping. *Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1270 (8th Cir. 1995).

Cases decided under the *Brillhart* and *Dizol* factors generally consider forum shopping between the state and federal systems. In this sense, Plaintiff's

requests for declaratory judgments regarding state court and exclusive bankruptcy jurisdiction are not forum shopping. Defendant, not Plaintiff, raised jurisdictional concerns and obtained the state court order staying the case until order or notice from a federal court. Plaintiff's requests for declarations "that the attorney fees at issue are post-petition obligations not subject to Defendant's bankruptcy discharge" and "that no disqualifying conflict of interest existed that would void the fee agreements or preclude collection of fees" involve bankruptcy issues and may implicate bankruptcy jurisdiction, but also go to the merits of the underlying state case. There does not appear to be a reason why the parties should not wait to settle these issues until they are in the correct forum, other than potentially seeking a res judicata advantage.

Plaintiff appears to be selecting the more favorable among two federal forums. Forum shopping may occur when plaintiffs select between more favorable federal venues. *See, e.g., Garcia v. Sizzling Platter, LLC*, No. 25-CV-01847-BAS-DEB, 2026 WL 504335, at *3 (S.D. Cal. Feb. 23, 2026), reconsideration denied, No. 25-CV-01847-BAS-DEB, 2026 WL 1191845 (S.D. Cal. Apr. 30, 2026) (finding that a motion to transfer venue evinced forum shopping). The most economical way for Plaintiff to get back into state court would seem to be to move to reopen the case in the Eastern District of California. If the bankruptcy court, well-informed by its records relating to the parties' former attorney-client relationship and expertise in bankruptcy jurisdiction, agreed with him, he would likely be entitled to return to state court and resume his state litigation. If the bankruptcy court disagreed, he would already be in the right place to continue seeking his fees on new legal ground. Nevertheless, Plaintiff has chosen to open a new case in the District of Nevada.  The loss of efficiency entailed by filing his complaint here suggests that he finds it a more favorable forum, whether Ms. Huttlinger has

expressed an intention to move for sanctions in the Eastern District of California, or for other reasons. (ECF No. 1-5.)

**C. Avoiding Duplicative Litigation**

Rather than opening a case in a third forum, it would be more efficient for these claims to be decided in one of the two forums that may eventually hear the merits of the underlying case. *See Brillhart*, 316 U.S. at 495 ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.")

As explained above, Plaintiff's jurisdictional claims, which are his first, second, and third requests for declaratory relief, would be better decided by the bankruptcy court. The bankruptcy court has a full record and expertise in bankruptcy jurisdiction, and in case Plaintiff happens to lose, the parties will already be in the appropriate forum and prepared to proceed on the merits.

As for Plaintiff's claims going to the merits of the underlying case, they raise issues of fact and law that are entangled with the underlying dispute. Litigating the dispute piecemeal duplicates the efforts of the parties and of the various courts involved in the action. Whether "the attorney fees at issue are post-petition obligations not subject to Defendant's bankruptcy discharge," and whether any "disqualifying conflict of interest existed that would void the fee agreements or preclude collection of fees" can go to the merits of the underlying case. It is not clear where the underlying case will finally be heard, but the parties agree that it will not be here.

**D. Other Considerations**

When deciding whether or not to exercise jurisdiction over a declaratory action, courts may consider other factors such as whether the declaratory action

will settle all aspects of the controversy, and whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage, and other considerations as appropriate. *Id.* at 1225 n. 5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir.1994) (Garth, J., concurring)).

Here it is clear that this declaratory action will not settle all aspects of the controversy. The declaratory relief sought would, at best, settle the question of jurisdiction and selected issues on the merits, but not the entire underlying case. Furthermore, the fourth and fifth claims for declaratory relief, if granted, would give Plaintiff a res judicata advantage in the underlying case.

An additional special circumstance of this case weighs in favor of declining jurisdiction. The state court stayed the underlying case without reasoning after Plaintiff failed to appear for a hearing on the motion to stay. It is not clear if the state court sought to stay the case pending a determination from the relevant federal court regarding the scope of the automatic bankruptcy stay, although that was what Plaintiff asked for in her motion. The bankruptcy court determines the scope of the automatic stay, not the district court. *In re Chugach Forest Prods., Inc.,* 23 F.3d 241, 247 n.6 (9th Cir. 1994); *Boucher v. Shaw*, 572 F.3d 1087, 1093 n.3 (9th Cir. 2009). If the state court seeks a judicial declaration as to the scope of the automatic bankruptcy stay before dissolving its own stay, the bankruptcy court would be the only forum that could provide the answer.

**III. Conclusion**

IT IS THEREFORE ORDERED that the motion to dismiss is GRANTED. (ECF No. 9.)

IT IS FURTHER ORDERED that all other motions pending in the case are denied as moot. (ECF Nos. 26, 27, 39.)

IT IS FURTHER ORDERED that this action is dismissed without prejudice. The Clerk of Court is kindly directed to close the case.

DATED: August 18, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE